IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:24-CV-24-FL

| | | |
|---|---|---|
| CHARISSA DAWN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment as a matter of law. (DE 14, 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II issued a memorandum and recommendation ("M&R") (DE 18), wherein it is recommended that the court deny plaintiff's motion, and uphold the decision of the administrative law judge ("ALJ"). Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts the M&R, and upholds the ALJ's decision.

### BACKGROUND

On April 5, 2021, plaintiff applied for disability insurance benefits, alleging disability beginning on December 17, 2020. A hearing was held June 8, 2023, before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated September 25, 2023. After the appeals council denied plaintiff's request for review, plaintiff commenced this action May 14, 2024, seeking judicial review of defendant's decision.

# DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for . . . disposition." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of December 17, 2020. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar spinal fusion, laminectomy spinal stimulator, fibromyalgia, and obesity. However, at step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in the regulations. 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that, during the relevant period, plaintiff had the Residual Functional Capacity ("RFC") to perform light work, subject to certain limitations involving extreme temperatures, dust, strong odors, environmental pollutants, and noise. (Tr. 16–20).[2] At step four, the ALJ concluded that plaintiff was unable to perform any past relevant work. However, at step five, the ALJ found, based upon consideration of plaintiff's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff lodges two objections. First, she contends that the ALJ and the M&R did not properly consider the supportability and consistency of the opinions of Dr. Mindy Pardoll ("Pardoll"). Second, she argues that the ALJ and the M&R did not properly consider plaintiff's subjective complaints. The court disagrees on each score.

The court turns to plaintiff's supportability and consistency objection first. Plaintiff's objection is that the ALJ determined that plaintiff was not disabled by disregarding substantial mental health issues documented in plaintiff's medical documentation, and improperly fixating on plaintiff's lack of extreme symptoms, such as hallucinations, as documented in the same medical notes. This argument reads a single portion of the ALJ's decision out of context. The ALJ first stated that Pardoll had concluded that plaintiff's symptoms would significantly limit her ability to work. The ALJ then rejected this suggestion as unpersuasive because plaintiff did not display any extreme symptoms such as hallucinations, <u>and also</u>, for example, could understand and answer

---

[2] Unless stated otherwise, page numbers cited in this order refer to the page numbers showing on the face of the transcript (DE 8, 9, 10), and not the page numbers showing in the court's electronic case filing system.

4

questions, could follow instructions, and displayed a friendly and cooperative attitude, spoke normally, and had coherent thought processes. (See Tr. at 20; see also Tr. at 1349, 1460, 1485, 1558, 1814). Plaintiff's suggestion that the ALJ improperly held her to a higher evidentiary standard by cherry-picking a lack of extreme symptoms is not supported by the ALJ's decision.

Plaintiff also objects to the ALJ's consideration of mental health observations from medical professionals who do not specialize in mental health treatment. But the ALJ did not purport to, for example, rely on mental health diagnoses rendered by non-specialists. Instead, the ALJ merely noted that plaintiff's demeanor, as noted by other physicians, was inconsistent with her mental health treatment provider's recommendation that plaintiff could not function in a work environment. (See Tr. at 20, 1349, 1460, 1485, 1558, 1814). A physician need not be a psychiatric specialist to note that a patient is, for example, "appropriately responsive to questions." (Tr. at 20; Pl's Br. (DE 14) 10).

This court therefore agrees with the M&R that the ALJ neither cherry-picked a lack of extreme symptoms to support a decision of non-disabled, nor improperly relied on psychiatric diagnoses from non-specialist physicians. Plaintiff's first objection does not succeed.

Plaintiff next objects that the ALJ improperly failed to explain why he disregarded some of plaintiff's subjective complaints, and instead merely summarized evidence and then pronounced that conclusion. The record belies this assertion. Plaintiff reported that she could not walk, but the ALJ expressly noted that this complaint was inconsistent with plaintiff's own testimony at the hearing and the medical documentation, including specific physician observations. (Tr. at 18–19, 1424, 1554). Plaintiff's second objection similarly does not succeed.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 18). Plaintiff's motion for judgment on the pleadings (DE 14) is DENIED, and defendant's motion for judgment on the pleadings (DE 16) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge